G7i1lumc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                          16 Cr. 483 (JSR)

STEFAN LUMIERE,

            Defendant.               Conference

------------------------------x

                           New York, N.Y.
                           July 18, 2016
                           4:19 p.m.

Before:

                 HON. JED S. RAKOFF,

                           District Judge

                   APPEARANCES

PREET BHARARA
    United States Attorney for the
    Southern District of New York
BY:  JOSHUA A. NAFTALIS, ESQ.
    P. IAN McGINLEY, ESQ.
    A. DAMIAN WILLIAMS, ESQ.
    Assistant United States Attorneys

CREIZMAN PLLC
    Attorneys for Defendant
BY:  ERIC M. CREIZMAN, ESQ.

G7i1lumc

1          (Case called)

2          MR. NAFTALIS:  Good afternoon, your Honor.  Joshua

3   Naftalis, Ian McGinley, and Damian Williams for the government.

4   And just for the Court's notice, the docket just came down as

5   16 Crim. 483.

6          THE DEPUTY CLERK:  Thank you.

7          MR. CREIZMAN:  Good afternoon, your Honor.  Eric

8   Creizman for Stefan Lumiere.

9          THE COURT:  Good afternoon.

10         All right.  We're here for arraignment.  Let me first

11  ask defense counsel whether the defendant has read and

12  discussed with counsel the indictment.

13         MR. CREIZMAN:  Yes, your Honor.

14         THE COURT:  And do you wish it to be read again here

15  in open court or do you waive the public reading?

16         MR. CREIZMAN:  We waive the public reading.

17         THE COURT:  All right.  So would you like a plea of

18  not guilty to be entered at this time?

19         MR. CREIZMAN:  Yes, your Honor, not guilty.

20         THE COURT:  Plea of not guilty will be entered.

21         All right.  So how long does the government want for

22  the completion of discovery?

23         MR. NAFTALIS:  Your Honor, we believe we can be

24  substantially complete with discovery within three weeks.

25         THE COURT:  All right.  So that would be August 8th.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

G7i1lumc

1    How long does defense counsel want for the making of any

2    motions?

3              MR. CREIZMAN:  Your Honor, about five weeks from

4    August 8th would be good.  Four weeks.  Four or five weeks.

5    If four weeks makes your Honor happy, then I would certainly --

6              THE COURT:  Well, no.  Normally I give two weeks for

7    discovery and two weeks for motions.  Now in a moment of

8    weakness, I gave the government three weeks.  If you would like

9    three weeks after the completion of discovery, I'm happy to

10   give that to you.

11             MR. CREIZMAN:  I would like three weeks, your Honor.

12   Thank you so much.

13             THE COURT:  All right.  So we said discovery to be

14   completed by August 8th, so any motions to be filed by

15   August 29th.  And we will have a further conference -- let's

16   look at August 31st.

17             THE DEPUTY CLERK:  August 31st, a Wednesday, that's

18   a trial date.

19             THE COURT:  So August 31st at 4 p.m.  At that time

20   if any motions have been made that can be dealt with orally,

21   they will be.  If they require, in the Court's view, written

22   response, we'll set a date then for written response.

23             Now how long a trial does the government anticipate?

24             MR. NAFTALIS:  Your Honor, we think it's about two

25   weeks.

G7i1lumc

1            THE COURT:  Okay.  Defense counsel agrees with that?

2            MR. CREIZMAN:  I think so, your Honor.  I haven't yet

3   received the evidence, but yes.

4            THE COURT:  Right.  Okay.  So what days are counsel

5   not available for trial in October and November?

6            MR. CREIZMAN:  Your Honor, I have a trial before Judge

7   Nathan that's supposed to begin on October 31st and last four

8   to six weeks.  I know that Judge Nathan is looking to have the

9   trial conclude by Thanksgiving, but I'm not sure that it will

10  happen that quickly.  But I know that the trial is going to

11  happen; at least for my client it will.

12           THE COURT:  All right.  So how about a September

13  trial?

14           MR. CREIZMAN:  I think that, your Honor, is too soon.

15  I'm going to be preparing for the October and November trial.

16  I think it might be --

17           THE COURT:  Okay.  So we're talking December then.

18           MR. CREIZMAN:  December or January would be fine, your

19  Honor.

20           THE COURT:  Well, I'm glad.  That's good.  Since

21  they're both fine, I choose December.  However, why don't we

22  say December 19th.

23           THE DEPUTY CLERK:  December 19th, a Monday, any time

24  you like.

25           THE COURT:  Okay.  Now if it's really two weeks, that

G7i1lumc

1    will mean it will be interrupted by the holidays.  I could give

2    you an earlier date in December, but I understand that defense

3    counsel may be on trial through Thanksgiving or up to

4    Thanksgiving.  So let me give the option to defense counsel,

5    would you rather start on December 12th or would you rather

6    start on December 19th?

7            MR. CREIZMAN:  Your Honor, December 19th would be

8    preferable.

9            THE COURT:  Okay.  So you understand, what we'll do is

10   we'll probably sit the 19th, 20th, 21st, and 22nd, but

11   probably not the 23rd through the 26th, and then we'll pick

12   up again on the 27th is the likely schedule.

13           MR. CREIZMAN:  Yes, your Honor.

14           THE COURT:  All right.  Very good.

15           Any problems with any of that from the government's

16   standpoint?

17           MR. NAFTALIS:  That's fine, your Honor.

18           THE COURT:  Okay.  So pursuant to Section 3161 of

19   Title 18 I will exclude all time between now and

20   December 19th, finding that such time is necessary to

21   accommodate defense counsel's other commitments and for the

22   briefing and deciding of motions, and for those and other

23   reasons, the best interests of justice in excluding such time

24   substantially outweighs the interests of the public and the

25   defendant in a speedy trial.

G7illumc

```
 1              Now what's the bail situation?

 2              MR. NAFTALIS:  Your Honor, the defendant is on bail.

 3    He was released pursuant to a personal recognizance bond by

 4    Judge Francis.

 5              THE COURT:  All right.  The government wishes the same

 6    bail conditions to continue?

 7              MR. NAFTALIS:  Yes, your Honor.

 8              THE COURT:  Are there any geographic restrictions?

 9              MR. CREIZMAN:  There are, your Honor.  New York --

10    basically the Southern District, the Eastern District of New

11    York, I think New Jersey and Connecticut, but I'm not sure.

12              THE COURT:  Although I can't understand why anyone

13    would want to travel to the Eastern District of New York, I

14    will continue those conditions.

15              MR. CREIZMAN:  Thank you.

16              THE COURT:  All right.  Anything else we need to take

17    up today?

18              MR. NAFTALIS:  Not from the government, your Honor.

19              MR. CREIZMAN:  No, your Honor.  Thank you.

20              THE COURT:  Very good.  Thanks very much.

21              (Adjourned)

22

23

24

25
```