UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                             :
UNITED STATES OF AMERICA                     :
                                             :  Docket No.: 16-CR-483 (JSR)
       -v-                                   :
                                             :
STEFAN LUMIERE,                              :
                                             :
           Defendant.                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# REPLY IN SUPPORT OF
# STEFAN LUMIERE'S MOTION TO SUPPRESS

Eric M. Creizman (EC 7684)
CREIZMAN PLLC
565 Fifth Avenue, Fl. 7
New York, New York 10017
T: (212) 972-0200
F: (646) 200-5022
E: ecreiz@creizmanllc.com

September 16, 2016

*By ECF and*
*Courtesy Copy by Federal Express*

September 16, 2016

The Honorable Jed S. Rakoff
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:    United States v. Stefan Lumiere, 16-CR-483 (JSR)**

Dear Judge Rakoff:

      The government's opposition to Stefan Lumiere's motion to suppress electronic evidence seized pursuant to February 2014 search of his residence establishes, at most, that Mr. Lumiere is unable to argue, under *United States v. Metter*, 860 F. Supp. 2d 205 (E.D.N.Y. 2012), that recordings voluntarily provided by Lumiere's then-attorney should be suppressed.

      To make clear, I was not retained as Mr. Lumiere's attorney until late March of 2016, so I was not fully familiar with all of the details concerning how the government obtained recordings Mr. Lumiere had made. For that reason as well, it is disingenuous for the government to express surprise that, "for the first time and over two years after the searches," Mr. Lumiere has "raised the potential presence of privileged materials on certain of the electronic evidence." (Gov't Opp. at 2). In addition, the government has not yet fulfilled its promise to provide the defense with forensic copies of the electronic evidence it has not returned—including an Apple iPad, a Dell tablet (which was seized after Mr. Lumiere had just purchased it and thus contains no data), a USB wireless adapter, seven USB drives, and two CD-ROM discs.

      More importantly, the government's unsworn and unsubstantiated chronology of events provides no detail whatsoever as to which of the many devices seized from Mr. Lumiere's apartment were searched for relevant information, or when, over these last two-and-half years, the devices were searched. The government suggests at most that law enforcement agents searched certain of the devices specifically for recordings and believed that other recordings existed elsewhere, which, apparently, Mr. Lumiere's prior counsel voluntarily provided. The government does not explain, however, what other responsive materials it found on the devices or why, if it truly had searched all of the devices it confiscated two-and-a-half years ago, it nonetheless has continued to hold on to, among other things, a brand new Dell tablet that has no data.

      All we can discern from the government's opposition letter is that law enforcement searched *some* devices for recordings. The defense does not know what devices the government searched, when it searched them, or what other than recordings

exists on those devices that the government might plan to use at trial (if the government has even begun its review of the devices to determine if there are other relevant materials besides recordings).

In these circumstances, an evidentiary hearing is warranted to determine whether the government, after seizing Mr. Lumiere's electronic devices two-and-a-half years ago, conducted and completed its review of those devices within a "reasonable period of time" consistent with the principles of the Fourth Amendment. *See Metter*, 860 F. Supp. 2d at 215.

Accordingly, we respectfully request that the Court order an evidentiary hearing on Mr. Lumiere's motion to suppress.

Respectfully submitted,

/s/ Eric M. Creizman
Eric Creizman

cc:   Ian McGinley, Esq., Damian Williams, Esq., and Joshua A. Naftalis, Esq.
      Assistant United States Attorneys

2