**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 8, 2016

BY FEDERAL EXPRESS

Eric M. Creizman, Esq.
Creizman LLC
565 Fifth Avenue
New York, NY  10017

      Re:    United States v. Stefan Lumiere,
                16 Cr. 483 (JSR)

Dear Mr. Creizman:

      This letter provides discovery pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."), and seeks reciprocal discovery.

**Disclosure by the Government**

      Based on your request for discovery in this case, we have enclosed copies of the following materials on the attached index.

      If you wish to inspect any of the evidence listed on the property vouchers, please let us know and we will make arrangements for you to do so.  The FBI has made forensic copies of certain of the electronic devices listed on these vouchers; if you would like copies, please provide us with a 2 terabyte hard drive.  As you know, the FBI has already returned Lumiere's iPhone, HP laptop, and two HP desktop computers.

      The Government will provide draft transcripts of recordings for the convenience of the defendant and defense counsel upon execution of a stipulation, signed by the defendant and defense counsel, agreeing not to use the draft transcripts at trial.

      The Government recognizes its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.  To date, the Government is unaware of any *Brady* material regarding your client, but will provide timely disclosure if any such material comes to light.  The Government will provide material under *Giglio* v. *United States*, 405 U.S. 150, 154 (1972), and its progeny, in a timely manner prior to trial.

**Disclosure by the Defendant**

      In light of your request for the foregoing discovery, the Government hereby requests reciprocal discovery under Fed. R. Crim. P. 16(b).  Specifically, we request that you allow inspection and copying of:  (1) any books, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial; and (2) any results or reports of physical or mental

examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The Government also requests that the defendant disclose prior statements of witnesses he will call to testify.  See Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 225 (1975). We request that such material be provided on the same basis upon which we agree to supply the defendant with 3500 material relating to Government witnesses.

### Sentence Reduction for Acceptance of Responsibility

This Office will oppose the additional one-point reduction under the Sentencing Guidelines available for defendants who plead prior to the Government's initiation of trial preparations pursuant to U.S.S.G. § 3E1.1(b), in the event your client has not entered a plea of guilty four weeks prior to trial.  We will follow this policy whether or not suppression or other pretrial motions remain outstanding after this date and even if the trial date has not been announced by the Court four weeks in advance of the trial.

Please also be advised that unless a disposition is reached on a timely basis prior to trial, this Office reserves the right to oppose the two-point reduction under U.S.S.G. § 3E1.1(a) of the Sentencing Guidelines for acceptance of responsibility based upon its untimeliness.

Please contact me at your earliest convenience concerning the possible disposition of this matter or any further discovery which you may request.  Please be advised, however, that pursuant to the policy of the Office concerning plea offers, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, discussions regarding the pretrial disposition of a matter that are not reduced to writing and signed by authorized representatives of the Office cannot and do not constitute a "formal offer" or a "plea offer," as those terms are used in *Lafler v. Cooper*, 132 S.Ct. 1376 (2012); *Missouri v. Frye*, 132 S.Ct. 1399 (2012).

Very truly yours,

PREET BHARARA
United States Attorney

By:   /s/
    Ian McGinley
    Damian Williams
    Joshua A. Naftalis
    Assistant United States Attorneys
    (212) 637-2257 / 2298 / 2310

Enclosures (1 hard drive)