

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 4, 2017

BY CM/ECF & HAND DELIVERY

The Honorable Jed S. Rakoff
United States District Court
Southern District of New York
500 Pearl Street, Room 1340
New York, New York 10007

      Re:    United States v. Stefan Lumiere,
            16 Cr. 483 (JSR)

Dear Judge Rakoff:

      The Government respectfully submits this letter to preclude the defendant from (1) offering evidence at trial about the defendant's efforts to cooperate with the Government, and from (2) eliciting his own prior out-of-court statements that he made to the Government during a proffer session, and statements he made during phone calls he recorded with others and during conversation recorded by Government witnesses.

      The defendant has informed the Government that he wishes to call Special Agent Matthew Callahan of the Federal Bureau of Investigation, the case agent on this case, as a witness at trial. (*See* Def. Letter dated 12/17.16, attached hereto as Exhibit A). Among other things, the defendant intends to elicit from Agent Callahan that the defendant "voluntarily met with representatives of the government, pursuant to a proffer agreement, and attempted to demonstrate that he did not knowingly engage in wrongdoing." Such testimony is improper. First, the defendant's effort to cooperate is irrelevant. The defendant decided to proffer only after the Government had executed a search warrant at his residence. Thus, his proffer with the Government is not evidence of his innocence. *Cf. United States* v. *Biaggi*, 990 F.2d 662 (2d Cir. 1990) (finding that the refusal to cooperate may be evidence of "consciousness of innocence"); *United States* v. *Rajaratnam*, No. 13 Cr. 211 (NRB) (S.D.N.Y. June 6, 2014) (permitting the defendant to offer statements that defendant wished to return to the United States to clear his name as evidence of consciousness of innocence). Instead, the defendant's attempt at cooperating was a product of the Government exposing his wrongful conduct, rather than the result of some altruistic motive or desire to follow the law.

      In addition, the defendant cannot offer his own, self-serving proffer statements through the testimony of Agent Callahan. While the Government may offer a prior statement of the defendant to establish the truth of the matter asserted under Federal Rule of Evidence 801(d)(2)(A), the defendant is not permitted to do the same. "When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible." *United States* v. *Marin*, 669 F.2d 73, 84 (2d Cir. 1982); *see also United States* v. *Yousef*, 327 F.3d 56, 153 (2d Cir. 2003) (holding that the defendant "could have testified to everything asserted in his statement, [but] he could not offer the document itself for the truth of

the matter asserted"). Accordingly, the defendant proffer statements are inadmissible when offered by the defendant.

For the same reasons, the defendant should also be precluded from offering tape recordings that he made of conversations he had with others and from offering his own statements in recordings made by the Government. The defendant's exhibit list contains a number of recording that the defendant made of himself speaking with his sister (D155) and with Hawaiian Air (D129), among other parties. (*See* Def. Exhibit List, attached hereto as Exhibit B). These conversations have no relevance to the case. In addition, to the extent the defendant is attempting to offer his own out of court statements through any recordings in this case to prove the truth of the matter asserted, these statements are hearsay and should not be admitted.

Respectfully submitted,

PREET BHARARA
United States Attorney

By:   /s/
Ian McGinley
Damian Williams
Joshua A. Naftalis
Assistant United States Attorneys
(212) 637-2257 / 2298 / 2310

cc:   Eric Creizman, Esq. (by e-mail)