UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

UNITED STATES OF AMERICA             :
                                     :
              -v-                    :         16-cr-483 (JSR)
                                     :
STEFAN LUMIERE,                      :
                                     :
                   Defendant.        :
------------------------------------------------------------- x

*Court Ex 1*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE: 1/20/17

THE COURT'S INSTRUCTIONS OF LAW TO THE JURY

TABLE OF CONTENTS

I. GENERAL INSTRUCTIONS

1.    Duty of the Court

2.    Duty of the Jury

3.    Duty of Impartiality

4.    Burden of Proof

5.    Reasonable Doubt

6.    Direct and Circumstantial Evidence

7.    Witness Credibility

8.    A Defendant's Right to Not Testify

II. THE CHARGE

9.    Summary of Charges; Multiple Counts

10.   Wire Fraud

11.   Securities Fraud

12.   Aiding and Abetting Securities Fraud and Wire Fraud

13.   Conspiracy to Commit Securities Fraud and Wire Fraud

III. CONCLUDING INSTRUCTIONS

14.   Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with the Court

15.   Verdict; Need for Unanimity; Duty to Consult

1

## I. GENERAL INSTRUCTIONS

### INSTRUCTION NO. 1

### Duty of the Court

We are now approaching the most important part of this case, your deliberations. You have heard all the evidence in the case, as well as the final arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations. As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them, not only so that you can follow them as I read them to you now, but also so that you can have them with you for reference throughout your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

2

INSTRUCTION NO. 2

Duty of The Jury

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. To aid your recollection, we will send you all the exhibits at the start of your deliberations, and if you need to review particular items of testimony, we can also arrange to provide them to you in transcript or read-back form.

Please remember that none of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I may have said evidence. The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and any stipulations of the parties that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted. Please remember that questions, although they provide the context for answers, are not themselves evidence; only answers are evidence, and you should therefore disregard any question to which I sustained an objection. Also, you may not consider any answer that I directed you to disregard or that I directed be stricken from the record. Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

Furthermore, you should be careful not to speculate about matters not in evidence. For

3

example, there is no legal requirement that the Government prove its case through a particular witness or by use of a particular law enforcement technique. Nor should you speculate about why one or another person whose name may have figured in the evidence is not part of this trial or what his or her situation may be. Your focus should be entirely on assessing the evidence that was presented here for your consideration.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that on occasion I asked questions of certain witnesses. My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters. You are expressly to understand that I have no opinion as to the verdict you should render in this case.

## INSTRUCTION NO. 3

### Duty of Impartiality

You are to perform your duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded any other party. By the same token, it is entitled to no less consideration. All parties, whether the Government or individuals, stand as equals at the bar of justice.

Please also be aware that the question of possible punishment is the province of the judge, not the jury, and it should therefore not enter into or influence your deliberations in any way. Your duty is to weigh the evidence and not be affected by extraneous considerations.

It must be clear to you that if you were to let bias, or prejudice, or fear, or sympathy, or any other irrelevant consideration interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence.

INSTRUCTION NO. 4

Presumption of Innocence and Burden of Proof

The defendant here, Stefan Lumiere, is charged with a number of federal crimes about which I will instruct you shortly. Please bear in mind, however, that the charges, or "counts" as they are called, are not themselves evidence of anything.

The defendant has pleaded not guilty. To prevail against the defendant on a given charge, the Government must prove each essential element of that charge beyond a reasonable doubt. If the Government succeeds in meeting this burden, your verdict should be guilty on that charge; if it fails, your verdict must be not guilty on that charge. This burden never shifts to the defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, as to each charge, a defendant starts with a clean slate and is presumed innocent until such time, if ever, that you as a jury are satisfied that the Government has proved that he or she is guilty of that charge beyond a reasonable doubt.

6

## INSTRUCTION NO. 5

### Reasonable Doubt

To convict a defendant of a given charge, the Government is required to prove that charge beyond a reasonable doubt, so the question then is: what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must therefore be proof of a convincing character that a reasonable person would not hesitate to rely on in making an important decision.

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the Government prove guilt beyond all possible or imaginable doubt: Proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to the defendant's guilt with respect to a particular charge against him, you must find the defendant not guilty of that charge. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt with respect to a particular charge against him, you should not hesitate to find the defendant guilty of that charge.

INSTRUCTION NO. 6

Direct and Circumstantial Evidence

In deciding whether the Government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a fact directly. For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Later, as you were sitting here, someone walked in with a dripping wet umbrella, and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether it is raining. So you have no direct evidence of that fact. But on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, that it is not a matter of speculation or guess: it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

8

INSTRUCTION NO. 7

Witness Credibility

It must be clear to you by now that counsel for the Government and counsel for the defendant are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision to believe or to not believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright, or did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the Government or the defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

9

In this regard, you have heard testimony from three witnesses who testified that they were previously involved in one or more criminal activities but are now either cooperating with the Government in the hope of obtaining benefits, or have other agreements with the Government, or have immunity from prosecution. Specifically, Christopher Plaford testified that he has pleaded guilty to various criminal activities and has now entered into an agreement to cooperate with the Government, David Scott Vandersnow testified that he has a non-prosecution agreement with the Government, and Jason Thorell testified pursuant to a grant of immunity from prosecution for activity related to the activity with which the defendant is charged, and also testified that he has the potential for a financial benefit for reporting such activity to the United States Securities and Exchange Commission under a "whistleblower" program.

The law permits the use of testimony from such witnesses; indeed, such testimony, if found truthful by you, may be sufficient in itself to warrant conviction if it convinces you of the defendant's guilt beyond a reasonable doubt. However, the law requires that the testimony and motives of such witnesses be scrutinized with particular care and caution. After carefully scrutinizing the testimony of such a witness and taking account of its special features, you may give it as little or as much weight as you deem appropriate.

As to all witnesses, you should also consider whether a witness had an opportunity to observe the facts he or she testified about and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

INSTRUCTION NO. 8

A Defendant's Right to Not Testify

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. A defendant is never required to prove that he or she is innocent.

Accordingly, you must not attach any significance to the fact that the defendant did not testify. No adverse inference against the defendant may be drawn by you because he did not take the witness stand, and you may not consider it against the defendant in any way in your deliberations in the jury room.

## II. THE CHARGE

## INSTRUCTION NO. 9

### Summary of the Charges; Multiple Counts

With these preliminary instructions in mind, let us turn to the specific charges against the defendant, Stefan Lumiere. These charges were originally set forth in what is called an indictment, which is simply a charging instrument and is not itself evidence, so it will not be presented to you. The indictment in this case contains a total of three counts, and each count charges a different crime. I will, for convenience, refer to each charge or count by its number as it appears in the indictment. But there is no significance to the order of these numbers, and indeed my instructions will follow a different order than the order in which the various counts appear in the indictment.

Specifically, we will first consider Count Three, which charges the defendant with wire fraud; then, Count Two, which charges the defendant with securities fraud; and finally Count One, which charges the defendant with conspiracy to commit wire fraud and securities fraud.

INSTRUCTION NO. 10

Wire Fraud (Count Three)

Turning first to Count Three, the wire fraud count, federal law makes it a crime to use interstate or international wire communications (such as interstate telephone calls or emails) in furtherance of a fraudulent scheme. This is called the crime of wire fraud. Before a defendant can be convicted of wire fraud, the Government must prove the following three elements beyond a reasonable doubt: first, that there existed a scheme to defraud one or more persons of money or property by means of false or fraudulent pretenses, representations, or promises; second, that the defendant knowingly and willfully participated at some point in the scheme to defraud, with knowledge of its fraudulent nature and with a specific intent to defraud; and third, that in the execution of the scheme to defraud, there occurred at least one use of interstate or international wire communication.

We will consider these three elements in turn:

As to the first element, a "scheme to defraud" is a plan or design to obtain money or property by means of false or fraudulent pretenses, representations, or promises. Fraudulent pretenses, representations or promises can take the form of outright lies, but they can also consist of misleading half-truths. However, the lies or misrepresentations must relate to a material fact, that is, information that a reasonably prudent person would consider important in making a decision to part with money or property.

The scheme to defraud that the Government charges under the wire fraud count is a scheme to deceive and defraud investors in Visium's Credit Opportunities Fund by inflating the value of its investment portfolio. This was accomplished, it is alleged, by such means as mismarking the value of securities held by the Fund, which in turn was accomplished by obtaining sham price quotes from cooperative brokers and by purchasing certain securities at

13

artificially inflated prices.

In order to establish a scheme to defraud, the Government is <u>not</u> required to prove that the defendant originated the scheme to defraud. It is sufficient if you find that a scheme to defraud existed, even if originated by another, and that the defendant knowingly and intentionally participated in that scheme. Similarly, while the Government must prove that the scheme was intended to deprive one or more victims of money or property, the Government is <u>not</u> required to prove that the scheme to defraud actually succeeded, that the defendant personally benefitted from the scheme to defraud, or that any victim actually suffered any loss from the scheme to defraud.

<u>As to the second element</u> – that the defendant participated at some point in the scheme knowingly, willfully, and with a specific intent to defraud – to act "knowingly" means to act consciously and deliberately rather than mistakenly or inadvertently. This includes, among other things, a requirement that the defendant have knowledge that he was engaged in a fraudulent scheme. However, a defendant's knowledge of a particular fact of consequence may be proved either directly or by proof that a defendant took deliberate steps to avoid learning what otherwise would have been obvious. Please be clear that this is not a matter of a defendant's mere negligence, foolishness, or mistake; rather, it requires a conscious purpose to avoid learning the truth. For example, if you find that the defendant simply failed to do adequate "due diligence" on the securities he was pricing, that by itself would not support an inference of deliberate disregard of possible fraud. But if, by contrast, you find that the defendant was aware of the high probability that the bond prices he gave to brokers were materially higher than the fair market prices for those bonds, but that the defendant, in order to remain ignorant of that fact, deliberately chose not to inquire further, then you may, if you wish, find that the defendant actually understood that the bond prices he gave to brokers were artificially high and did not

14

reflect the fair market value.

To act "willfully" means to act voluntarily and with an improper purpose. To act with a "specific intent to defraud" goes further and requires that the defendant intended to deceive investors or potential investors in the Visium Credit Opportunities Fund in order to have them invest in that Fund or not remove their prior investments in that Fund.

In this regard, let me advise you that a defendant's good faith is a complete defense to <u>all</u> of the charges in this case. If a defendant believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, there would be no crime. The burden of establishing criminal intent and lack of good faith rests upon the Government. A defendant is under no burden to prove his or her good faith; rather, the Government must prove bad faith and an intent to defraud beyond a reasonable doubt.

<u>As to the third element</u> – that at least one use of interstate or international wire communication occurred in execution of the fraudulent scheme – "wire" communication includes telephone, fax, and e-mail communications and also includes wire transfers of funds. It is not necessary that the wire communication itself contain a fraudulent representation; rather, it is sufficient if a wire was used to further or assist in carrying out the scheme to defraud and that it pass between two states or between the United States and a foreign country. Also, it is not necessary for a given defendant to be directly or personally involved in sending the wire communication, as long as the communication was reasonably foreseeable in the execution of the scheme to defraud.

INSTRUCTION NO. 11

Securities Fraud (Count Two)

Let us now turn to Count Two, which charges the defendant with securities fraud.

Before a defendant can be convicted of securities fraud, the Government must prove the following three elements beyond a reasonable doubt: first, that in connection with the purchase or sale of a security, the defendant participated in a scheme or artifice to defraud, or made an untrue or misleading statement of a material fact; second, that in so doing the defendant acted willfully, knowingly, and with the intent to defraud; and third, that in so doing the defendant knowingly used, or caused to be used, any means or instruments of interstate transportation or interstate communication in interstate commerce or the use of the mails.

We will consider each of these elements in turn:

With respect to the first element, it is not necessary for the Government to prove both that the defendant participated in a scheme to defraud and that he made a false or misleading statement. Either kind of unlawful conduct is sufficient to satisfy the first element, so long as you are unanimous as to which type of unlawful conduct you find to have been proven and provided further that you find that the misconduct occurred in connection with the purchase or sale of a security.

In Count Two, the Government charges that the defendant participated in the same scheme to defraud investors or potential investors in the Visium Credit Opportunities Fund that I have already described to you in connection with the wire fraud count. As for the false or misleading statement, the Government alleges that the defendant's activities caused the asset value of the Fund's portfolio to be materially overstated.

The requirement that defendant's alleged fraud or false statement be "in connection with the purchase or sale" of a security is satisfied if you find that the misconduct had some relation,

16

or "touched upon," a securities transaction, specifically, investments in the Fund. The "in connection with" aspect of this element does not require that the defendant personally participated in any securities transaction.

It is no defense to an overall scheme to defraud that the defendant was not involved in the scheme from its inception, did not know all of the scheme's details, or played only a minor role with no contact with the investors and purchasers of the securities in question. Even if the defendant participated in the scheme to a lesser degree than others, he is, nevertheless, equally guilty so long as the defendant became a member of the scheme to defraud with knowledge of its scope and purpose.

Similarly, the Government need not prove that the defendant personally made any false statements or misrepresentations. It is sufficient if the defendant caused these misstatements or misrepresentations to be made, and that they were material. A "material" statement is one that a reasonable person would have considered important in making his or her investment decision. In addition, it is not a defense if the material statement or misrepresentation would not have deceived sophisticated investors. More generally, it does not matter whether the alleged unlawful conduct was or would have been successful, or whether the defendant profited or would have profited as a result of the alleged scheme. Success is not an element of the securities fraud crime of which the defendant is charged.

With respect to the second element, the Government must prove beyond a reasonable doubt that Mr. Lumiere undertook the scheme "knowingly," that is, consciously and voluntarily, rather than by mistake or accident or mere inadvertence; "willfully," that is, deliberately and with a bad purpose; and with an "intent to defraud," that is, knowingly and with the intent to deceive investors or potential investors in the Visium Credit Opportunities Fund. All the instructions regarding these items that I previously gave you in connection with the wire fraud

17

charge apply here as well, including the charges on deliberate disregard and good faith.

With respect to the third element, the Government must prove beyond a reasonable doubt that the defendant knowingly used, or caused to be used, at least one instrumentality of interstate commerce, such as an interstate telephone call, or a use of the mails, or a use of a facility of a national securities exchange, in furtherance of the scheme to defraud or fraudulent conduct. It is not necessary that the communication itself contain a fraudulent representation. Moreover, the use of the mails need not be central to the execution of the scheme, and may even be incidental to it, as long as the communications have some relation to the object of the scheme. Also, it is not necessary for a given defendant to be directly or personally involved in sending the communication, as long as the communication was reasonably foreseeable in the execution of the scheme to defraud.

INSTRUCTION NO. 12

Aiding and Abetting Securities Fraud and/or Wire Fraud

With respect to Counts Two and Three, the defendant is also charged with what is called

"aiding and abetting." Under certain circumstances, it is not necessary for the Government to

show that the defendant himself physically committed the crime with which he is charged in

order for you to find him guilty. Thus, if you do not find beyond a reasonable doubt that the

defendant himself committed the crimes charged in Counts Two and/or Three, the Government

can still prove the defendant guilty of the substantive crime of securities fraud and/or wire fraud

if you find beyond a reasonable doubt that the Government has proved that another person

actually committed the crime and that the defendant aided and abetted that person in the

commission of the offense.

In order to aid or abet another to commit a crime, it is necessary that the defendant

willfully and knowingly associated himself in some way with the crime, and that he willfully and

knowingly seek by some act to help make the crime succeed. Participation in a crime is willful if

that act is taken voluntarily and intentionally.

The mere presence of a defendant where a crime is being committed, even coupled with

knowledge by the defendant that a crime is being committed, or the mere acquiescence by a

defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to

establish aiding and abetting. An aider and abettor must have some interest in the criminal

venture.

To determine whether the defendant aided or abetted the commission of the crime with

which he is charged, ask yourself these questions:

-- Did he participate in the crime charged as something he wished to bring about?

-- Did he associate himself with the criminal venture knowingly and wilfully?

19

--      Did he seek by his actions to make the criminal venture succeed?

If he did, then that defendant is an aider and abettor, and therefore guilty of the offense.

If he did not, then the defendant is not an aider and abettor, and is not guilty of that offense.

INSTRUCTION NO. 13

Conspiracy to Commit Securities Fraud and Wire Fraud (Count One)

Let us now turn to Count One of the indictment, which charges the defendant with conspiracy to commit securities fraud and wire fraud. In order for a defendant to be guilty of conspiracy, the Government must prove beyond a reasonable doubt: first, that the charged conspiracy existed; and second, that at some point the defendant knowingly and willfully joined the conspiratorial agreement and thereby became a member of the conspiracy.

Starting with the first essential element, what is a conspiracy? A conspiracy is an agreement, or an understanding, explicit or implicit, of two or more persons to accomplish by concerted action one or more unlawful purposes. In this count, the unlawful purposes alleged to be the objects of the conspiracy are the wire fraud scheme and the parallel securities fraud scheme. The conspiracy alleged here is therefore an agreement to commit one or both of these schemes.

Please bear in mind that conspiracy is an entirely distinct and separate offense from any actual wire fraud or securities fraud. The actual commission of the object of the conspiracy is not an essential element of the crime of conspiracy. Rather, the Government is required by prove beyond a reasonable doubt only that two or more persons, in some way or manner, explicitly or implicitly, came to an understanding to accomplish the unlawful objective of wire fraud and/or securities fraud.

Further, while it is charged that the alleged conspiracy to commit securities fraud and wire fraud began in or around June 2011 and continued up to in or around September 2013, it is not essential that the Government prove that the conspiracy started and ended on those specific dates or that it existed throughout that period. Rather, it is sufficient to satisfy the first element that you find that in fact a conspiracy was formed and that it existed for any time within the

21

charged period.

If you conclude that the Government has proved beyond a reasonable doubt that the charged conspiracy existed, you must then consider the second essential element, which is that the defendant intentionally joined and participated in the conspiracy. To prove this element, the Government must prove beyond a reasonable doubt that the defendant entered into the conspiracy to commit securities fraud and/or wire fraud and did so knowingly and willfully.

To act "knowingly" means in this context to act consciously and deliberately rather than mistakenly or inadvertently; and to act "willfully" in this context means to act voluntarily, purposely and with an intent to defraud. Thus, a defendant enters into a conspiracy knowingly and willfully if he joins the conspiracy deliberately, purposefully and with an intent to defraud, rather than in good faith. If you find beyond a reasonable doubt that the defendant joined in the charged conspiracy and did so knowingly and willfully, then the second element is satisfied.

In this regard, it is not necessary that a defendant be fully informed of all the details of the conspiracy in order to justify an inference of participation on his part. Nor does a given defendant need to know the full extent of the conspiracy or all its participants. It is not necessary that a defendant receive any monetary benefit from participating in the conspiracy. All that is necessary is proof beyond a reasonable doubt that a defendant knowingly and willfully joined in the conspiracy for purpose of furthering one or both of its unlawful objects.

A defendant also need not have joined the conspiracy at the outset. A defendant may have joined it at any time in its progress, and he will still be held responsible for what was done before he joined, as well as what was done during his participation in the conspiracy. The law does not require that each conspirator have an equal role in the conspiracy. Even a single act may be sufficient to draw a defendant within the ambit of the conspiracy if it meets the essential requirements I have described.

However, I want to caution you that the mere association by one person with another person does not make that first person a member of the conspiracy even when coupled with knowledge that the second person is taking part in a conspiracy. Mere presence at the scene of a crime, even coupled with the knowledge that a crime is taking place, is not sufficient to support a conviction. In other words, knowledge without participation is not sufficient. What is necessary is that the defendant participated in the conspiracy with knowledge of its unlawful purpose and with intent to aid in the accomplishment of its unlawful purpose.

In short, in order to satisfy the second essential element of the conspiracy charge, you must find beyond a reasonable doubt that the defendant, with an understanding of the unlawful character of the charged conspiracy, knowingly and willfully joined and participated in the conspiracy for the purpose of furthering one or both of its unlawful objects.

### III. CONCLUDING INSTRUCTIONS

### INSTRUCTION NO. 14

#### Selection of Foreperson; Right to See Exhibits and Hear Testimony;

#### Communications with the Court

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law and a verdict form on which to record your verdict. In addition, we will send into the jury room all the exhibits that were admitted into evidence. This will include the recordings and a device to play them, as well as the transcripts of the recordings, though please remember that the transcripts are just an aid and it is the recordings themselves that are in evidence. If you want any of the testimony provided, that can also be done, in either transcript or read-back form. But please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

24

## INSTRUCTION NO. 15

### Verdict; Need for Unanimity; Duty to Consult

You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form. As I have already explained, the Government, to prevail on a particular charge against the defendant, must prove each essential element of that charge beyond a reasonable doubt. If the Government carries this burden, you should find the defendant guilty of that charge. Otherwise, you must find the defendant not guilty of that charge.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case, and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, you should exchange views with your fellow jurors. That is the very purpose of jury deliberation — to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence. If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others', you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change an opinion that, after discussion with your fellow jurors, now appears to you erroneous.

In short, your verdict must reflect your individual views and must also be unanimous.

This completes my instructions of law.

25